UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-9278 FMO (SHx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | Michael Lopez v. Jimenez LLC, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order to Show Cause re: Capacity to be Sued and Settlement Conference**

On May 27, 2016, the parties filed their [Proposed] Final Pretrial Conference Order (Dkt. 47, "Proposed Order"). In that Proposed Order, plaintiff Michael Lopez ("plaintiff") contends that defendant Jimenez, LLC ("defendant") violated the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., when plaintiff attempted to shop at Marce's Hardware, on September 3, 2014. (See id. at 4). Defendant, the owner of the real property where the hardware store is located, asserts that it was put into receivership in December 2014 for failure to make mortgage payments, and the lender has since foreclosed on the real property.

In light of the receivership and foreclosure, the court questions whether defendant has the capacity to be sued. See Fed. R. Civ. P. 17(b)(3) ("28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to be sued"); Cal. Civ. Proc. Code § 568 ("receiver has, under the control of the Court, power to bring and defend actions in his own name, as receiver . . . as the Court may authorize); First State Bank of N. California v. Bank of Am., N.T. & S.A., 618 F.2d 603, 604 (9th Cir. 1980) (California bank in receivership lacked capacity to sue or be sued). It is unclear: (1) whether defendant was put into receivership by state or federal court; (2) whether the receivership estate included all of defendant's contingent liabilities, including the instant lawsuit; and (3) whether the lender or new owner assumed defendant's contingent liabilities upon foreclosure.

Also, pursuant to the Court's Order of March 13, 2015, the parties were required to complete a settlement conference before a neutral selected from the court's mediation panel no later than September 16, 2015. (See Dkt. 25, Court's Order of March 13, 2015, at 10). If the case settled, the parties were required to file a Notice of Settlement no later than 24 hours after settlement. (See id.). Otherwise, the parties were required to file a Status Report re: Settlement no later than 48 hours after the settlement conference was complete. (See id. at 10-11). As of the filing date of this Order, neither a Notice of Settlement nor a Status Report re: Settlement has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9278 FMO (SHx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | **Michael Lopez v. Jimenez LLC, et al.** | | |

been filed.[1]  (See, generally, Dkt.).

Based on the foregoing, IT IS ORDERED THAT:

1.  Counsel for plaintiff[2] shall show cause in writing, no later than **October 10, 2016**:  (a) why this action should not be dismissed for lack of capacity to be sued on the part of defendant; and (b) why sanctions should not be imposed for failure to comply with the court's orders.  **Failure to submit a response to this Order by the deadline set forth above may result in the imposition of sanctions**.

2.  Defendant shall file a reply to plaintiff's response no later than **October 14, 2016**.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1]  The court notes that before it struck plaintiff's motion for summary judgment, plaintiff sought monetary damages totaling $4,000.  (See Dkt. 32-1, Plaintiff's Motion for Summary Judgment at 11).  Injunctive relief is no longer available since the lender foreclosed on the subject real property.

[2]  Plaintiff's counsel was responsible for contacting the settlement officer to obtain available dates for the settlement conference and advising the settlement officer of the settlement conference date selected by the parties.  (See Dkt. 25, Court's Order of March 13, 2015, at 10).  Plaintiff's counsel shall therefore be held accountable for the parties' failure to comply.