UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9278 FMO (SHx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | Michael Lopez v. Jimenez LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Sanctions

The court previously issued three orders to show cause: (a) why this action should not be dismissed for lack of capacity to be sued on the part of defendant; and (b) why sanctions should not be imposed for plaintiff's failure to comply with the court's orders. (See Dkt. 49, Court's Order to Show Cause of October 4, 2016; Dkt. 50, Court's Order to Show Cause of October 12, 2016; Dkt. 54, Court's Order to Show Cause of October 14, 2016). The court held a hearing on October 20, 2016, regarding the orders to show cause. (See Dkt. 57, Court's Order of October 20, 2016). At that hearing, plaintiff's counsel admitted that he: (a) failed to timely respond to the Court's Order of October 4, 2016 (Dkt. 49), which required him to show cause in writing why this action should not be dismissed for lack of capacity to be sued on the part of defendant; and (b) failed to comply with the Court's Order of March 13, 2015 (Dkt. 25), which required that plaintiff initiate and the parties attend a settlement conference. (See Dkt. 57, Court's Order of October 20, 2016). The court ordered plaintiff's counsel to pay sanctions to the Clerk of the Court in the amount of $250.00. (See id.).

Also, at the October 14, 2016, pretrial conference, the court ordered, among other things, that: (a) no later than December 14, 2016, plaintiff shall complete depositions limited to the subject of defendant's capacity to be sued; (b) no later than December 30, 2016, plaintiff shall file a motion for partial summary judgment regarding defendant's capacity to be sued; and (c) no later than December 30, 2016, the parties shall conduct a private mediation which shall be initiated and paid for by plaintiff. (See Dkt. 53, Court's Order of October 14, 2016). The court further cautioned that "failure to comply with this order and the court's orders will result in the imposition of sanctions or will result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Id.) (emphasis omitted).

According to defendant, plaintiff: (1) never took defendant's deposition or any other deposition relating to defendant's capacity to be sued, (see Dkt. 61, Declaration of Jonathan T. Nguyen [] ("Nguyen Decl.") at ¶ 5); (2) did not file a motion for partial summary judgment regarding the issue of defendant's capacity to be sued, (see id. at ¶ 6); and (3) did not initiate or pay for the private mediation ordered by the court. (See id. at ¶¶ 7-11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9278 FMO (SHx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | Michael Lopez v. Jimenez LLC, et al. | | |

    Accordingly, IT IS ORDERED THAT plaintiff's counsel, Dennis Price and Phyl Grace, shall appear at a hearing on **Thursday, January 19, 2017, at 10:00 a.m.** in Courtroom 6D of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, to show cause why sanctions should not be imposed for failure to prosecute and/or failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003).

    IT IS FURTHER ORDERED THAT, no later than **January 12, 2017**, plaintiff's counsel, Phyl Grace, shall provide a declaration, under penalty of perjury, explaining why her firm has not returned $200 that defendant submitted to the Center for Disability Access in accordance with a settlement agreement that defendant executed, but that plaintiff, as recently as December 22, 2016, insists does not exist.  (See Dkt. 61, Nguyen Decl., Exh. G at ECF 556 & 557).  **Failure to timely file such a declaration or to show cause as ordered will result in sanctions being imposed against Grace.**

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |